UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY G. GRANT,             )<br>                               )<br>           Petitioner,         )<br>                               )<br>vs.                            )<br>                               )<br>STATE OF NEVADA, *et al.*,    )<br>                               )<br>           Respondents.        )<br>_____) | 2:11-cv-01222-GMN-PAL<br><br>**ORDER** |

This is a new action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Gregory Grant, a prisoner at the Clark County Detention Center. The filing fee has been paid.

The petition and motion for appointment of counsel are combined into a single pleading, which is not presented on the proper form and fails to provide the necessary information to allow the Court to evaluate the status of the matter. It is not clear if petitioner has been convicted of a crime or if this is a pre-trial petition. Neither can the Court discern if the claims raised have been exhausted through presentation to the state courts. This information is necessary to properly address the petition.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must specify the grounds for relief. Rule 2(c) of the Rules

Governing Section 2254 Cases.  The petition must also allege the facts surrounding petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.1990);  *United States v. Poopola*, 881 F.2d 811, 812 (9th Cir. 1989).  In addition, a petition presented in *pro se* must be upon the form approved by the court.  *See* Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190  This rule ensures that all information needed is before the court.  Each ground for relief must be *clearly stated* and *allege what federal constitutional violation has occurred*, *along with providing facts that support the grounds for relief*.  If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition.  Rule 4 of the Rules Governing Section 2254 Cases.

The proper use of the form petition results in administrative convenience which benefits both the petitioner and the Court.  Thus, petitioner will be required to resubmit his petition using the proper form, whereon petitioner must respond completely to the questions posed and provide all requested information.  A petitioner may submit attachments to the form, however, a simple reference to the attachment for specific information is not acceptable.

In addition to listing his grounds for relief, petitioner must tell the Court which claims were raised at which court.  This information must include the dates of filing and disposition so as to determine whether petitioner has exhausted his state remedies and is in compliance with the limitations period prescribed by 28 U.S.C. §2244(d)(1).[1]  Without this information, the Court cannot proceed to the merits of the petition.

The petitioner should present his claims in clear and concise way, providing facts to support his claim, but avoiding citation to legal authorities or caselaw.  Petitioner should try to write

---

[1] Petitioner should note that a one year period of limitations exists for cases filed pursuant to §2254.  In most cases, the one year limitation period starts to run on the date the California Supreme Court denied petitioner's direct review.  The limitations period is tolled while a properly filed request for post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  However, the running of the limitation period is *not tolled* for the time an application for post-conviction or collateral review is pending in *federal* court. *Sperling v. White*, 30 F. Supp.2d 1246, 1250 (C.D. Cal. 1998).

1  legibly so that the Court need not struggle to read the petition.  The petition should be entitled "First
2  Amended Petition" and should include the case number assigned to this matter (2:11-cv-01222-
3  GMN-PAL).
4        Once an amended petition presented on the proper form is on file with the Court, the
5  motion for appointment of counsel will be considered.
6        **IT IS THEREFORE ORDERED** that the Clerk shall send petitioner a copy of the
7  form and instructions for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
8  Petitioner must submit the amended petition on the proper form with the proper case number within
9  thirty days of entry of this order or the matter may be dismissed.
10       Dated this 4th day of August, 2011.

                                    _____
                                    Gloria M. Navarro
                                    United States District Judge